UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x     09 CV 3294 (JBW)(ALC)
KIJAFA FALTINE,
        Plaintiff,
                  AMENDED COMPLAINT

 -against-
                  JURY DEMAND


THE CITY OF NEW YORK, POLICE
OFFICER STEPHEN CANTONE (Shield #
21571), SERGEANT ZOILO ENCARNACION
(Shield # 1101), POLICE OFFICER SAMUEL
HERRERA (Shield #847) (Tax I.D. # 936761)[1]
and POLICE OFFICERS JOHN
DOE 1-4,
        Defendants.
---------------------------------------------------------------x

KIJAFA FALTINE, by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER STEPHEN CANTONE (Shield #21571), SERGEANT ZOILO ENCARNACION (Shield # 1101), POLICE OFFICER SAMUEL HERRERA (Shield #847) (Tax I.D. # 936761) and POLICE OFFICERS JOHN DOE 1-4 of the New York City Police Department (collectively referred to as the Defendants), upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

---

[1] Within certain paperwork provided by the defendant City of New York as part of its initial disclosure, specifically that document Bates numbered "NYC 5", Police Officer Samuel Herrera is described as the "assigned officer". Police officer Herrera also signed the criminal complaint (attached to the City's initial disclosures, and Bates numbered "NYC 7) that initiated the underlying criminal action against the plaintiff.

2. This is an action to further seek compensation for the personal injuries sustained by the plaintiff, as a result of the negligent and/or reckless and intentional acts of the defendants, perpetrated while said defendant officer(s) were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear State law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

6. During all times material to this complaint, plaintiff was, and he still is, a resident of the City of New York, presently residing in Kings County, City and State of New York. Plaintiff is a black male of full age.

7. At all relevant times, defendants POLICE OFFICER STEPHEN CANTONE (Shield #21571), SERGEANT ZOILO ENCARNACION (Shield # 1101), POLICE OFFICER SAMUEL HERRERA (Shield #847) (Tax I.D. # 936761) and POLICE OFFICERS JOHN DOE 1-4, of the New York City Police Department (collectively referred to as defendant officer(s)), were upon information and belief, and still are, law enforcement officers in the employ of the Police Department of the City of New York.

8. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

9. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officers, through it's Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. Plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

11. All conditions precedent to filing of this action have been complied with; on May 11, 2009, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be

|    |    |
|----|----|
|    | delivered in an action in the applicable Courts. Plaintiff's claim was assigned Claim No. 2009PI012271. |
| 12. | At least thirty days have elapsed since the service of the above-mentioned notices of claim, and adjustment or payment of the claim has been neglected or refused. |
| 13. | This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based. |

FACTUAL ALLEGATIONS COMMON TO THE CAUSE(S) OF ACTION

|    |    |
|----|----|
| 14. | On or about March 8, 2009 at approximately 12:30 a.m., within the premises described as 570 Riverdale Avenue, Brooklyn, New York 11226[2], in Kings County, New York City and State, the plaintiff was falsely arrested without probable cause by POLICE OFFICER STEPHEN CANTONE (Shield #21571), SERGEANT ZOILO ENCARNACION (Shield # 1101), POLICE OFFICER SAMUEL HERRERA (Shield #847) (Tax I.D. # 936761) and POLICE OFFICERS JOHN DOE 1-4, of upon information and well founded belief, the 75th Police Precinct of the Police Department of the City of New York. |
| 15. | At the above-referenced place and time, the plaintiff was accosted by the above-referenced police officers and accused of being in possession of a gun. This was false, as in fact, the plaintiff was not in possession of a gun. |
| 16. | Nevertheless, the defendant officers, without any provocation by the plaintiff, thereafter violently assaulted, battered and brutalized the plaintiff for no reason. |
| 17. | As a result of the vicious beating and assault that was administered by the defendant officers, the plaintiff was caused to become |

---

[2] However, within certain documents that the defendant City provided as part of its initial disclosures, specifically those Bates numbered "NYC 2" and "NYC 4" indicates that the arrest took place within the "hallway" "inside of 482 Riverdale Avenue"

           unconscious, and the scene of the arrest was left splattered with the plaintiff's blood.

18. As a result of the vicious and wicked beating perpetrated upon him by the defendant officers, the plaintiff was caused to sustain lacerations and bruises to his face, body and limbs. The plaintiff has also been left permanently scarred on his face and/or body.

19. That upon arriving at the 75th police precinct, the defendant officers, and/or other employees of the defendant City of New York, in an attempt to cover up their unlawful acts, failed to accurately document and/or record the injuries that the plaintiff had sustained, as a result of their above-referenced unlawful acts.

20. That upon arriving at the 75th police precinct, the defendant officers, and/or other employees of the defendant City of New York, in an attempt to cover up their unlawful acts, failed to accurately document and/or record the specific type of force that they employed during the arrest of the plaintiff.

21. That upon arriving at the 75th police precinct, the defendant officers, and/or other employees of the defendant City of New York, in an attempt to cover up their above-referenced unlawful acts, failed and/or refused to provide the plaintiff with urgent and necessary medical attention, despite his requests and entreaties.

22. The plaintiff was thereafter photographed and finger printed.

23. The plaintiff was thereafter taken the "Central Booking" in Kings County, where he arraigned before a Judge on March 10, 2009, on the above-referenced trumped up and false allegations that was concocted by the defendant officers.

24. At arraignment, bail was set at $20,000.00, which the plaintiff was unable to post. As such, the plaintiff was taken to the Rikers Island Correctional Facility, where he was remained until he testified before a Grand Jury, on March 13, 2009.

25. That all and/or some of the above-named officers, in a malicious attempt to secure the plaintiff's indictment, later proffered false testimony under oath before a Kings County grand jury, in relation to the facts and circumstances surrounding the plaintiff's arrest.

26. However, the Grand Jury refused to indict the plaintiff, and he was released on March 13, 2009.

27. At the time plaintiff was arrested, he protested to and informed the defendant officers that he had committed no crime or offense and offered to prove his innocence. However the defendant officers refused to pay any attention to plaintiff's entreaties, and arrested plaintiff in wanton and malicious disregard for the truth.

28. That on or about March 18, 2009, the case against the plaintiff was dismissed and sealed.

FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

29. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. The above-described respective arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

31. As a result of plaintiff's above-described false arrest and imprisonment he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

32. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

33. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

34. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION

35. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. There was absolutely no probable cause for the defendant officers to arrest the plaintiff for the above-referenced crimes at the above-referenced scene of the arrest.

37. Plaintiff's criminal court docket number was "2009KN018777".

38. The commencement and prosecution of the criminal judicial proceedings against the plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification and with malice.

39. On or about March 18, 2008, the case against plaintiff was dismissed, and sealed.

40. As such, the criminal judicial proceedings initiated against the plaintiff were terminated in plaintiff's favor.

41. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful because the plaintiff had committed no crime and there was no probable cause to believe that the plaintiff had committed a crime.

42. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

43. As a consequence of the malicious prosecution by the defendants, plaintiff incurred attorney's fees, suffered humiliation, mental anguish, loss of wages from work, and his constitutional rights were violated.

44. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

45. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

46. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS:
DEPRIVATION OF CIVIL RIGHTS

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if each paragraph is repeated verbatim herein.

48. The defendant police officers acted under color of law, in their official capacity and their acts were performed under color of the statutes and ordinances, customs and practices of the defendant City of New York. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

49. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant police officers in their duties to refrain from unlawfully and maliciously arresting, imprisoning, assaulting, battering, using excessive force and inflicting summary punishment on innocent members of the public. The allegations in this paragraph are likely to have evidentiary

8

    support after a reasonable opportunity for further investigation or discovery.

50. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, train, and supervise defendant police officers on a continuing basis in the correct procedure for making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

51. Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

52. Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

53. The conduct of the defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b)   The right of the plaintiff to be promptly informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c )   The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d) The right to be free from unreasonable detention and/or continued detention without probable cause in that plaintiff was detained.

(e) The right to be free from the use of excessive force in that the plaintiff was assaulted, battered and seriously injured by the defendant officers.

54. As a result of the actions of the defendants, plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned plaintiff thereby depriving him of his liberty without due process of law.

55. The defendant police officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated plaintiff's constitutional and civil rights and the City of New York is therefore responsible for their acts and liable to the plaintiff for the damages he suffered. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

56. The actual principal/agent relationship between defendant City and the defendant police officers was created by the fact they were employees of defendant City, and the City had the right to and it did regulate and control the activities and conduct of the defendant

      officers. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

57. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: ASSAULT AND BATTERY

58. Plaintiff repeats and realleges paragraphs 1 through 57 as if each paragraph is repeated verbatim herein.

59. At the time of plaintiff's arrest by defendant police officers, plaintiff did not challenge nor resist defendant police officers, nor engage in any threatening behavior towards said defendant police officers.

60. However, defendant officers assaulted plaintiff, battered plaintiff, and subjected plaintiff to excessive force and summary punishment

61. Defendant police officers were at all material times acting within the scope, of their employment.

62. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

63. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

64. Plaintiff repeats and realleges paragraphs 1 through 63 as if each paragraph is repeated verbatim herein.

65. As a direct and proximate result of the negligent acts of Defendant City of New York as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

66. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

67. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial;
2. For exemplary and punitive damages against each defendant in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and
4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
January 26, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By: /s/

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

Qiana Smith-Williams, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for defendant
CITY OF NEW YORK
100 Church Street
New York, N.Y. 10007
(212) 788-1580

POLICE OFFICER STEPHEN CANTONE (Shield #21571)
Defendant Pro Se
Patrol Borough Brooklyn North
Anti-Crime Unit
179 Wilson Avenue
Brooklyn, New York 11237

SERGEANT ZOILO ENCARNACION (Shield # 1101)
Defendant Pro Se
Patrol Borough Brooklyn North
Anti-Crime Unit
179 Wilson Avenue
Brooklyn, New York 11237

POLICE OFFICER SAMUEL HERRERA (Shield #847) (Tax I.D. # 936761)
Defendant Pro Se
Patrol Borough Brooklyn North
Anti-Crime Unit
179 Wilson Avenue
Brooklyn, New York 11237

AFFIRMATION OF SERVICE

State of New York
      ss.:
County of Kings

I, the undersigned, an attorney duly admitted to practice in the State of New York, with offices at 25 Bond Street, 3rd Floor, Brooklyn, New York, 11201, affirm as follows as under penalties of perjury pursuant to 28 U.S.C. §1746:

On January 26, 2010, I personally caused to be served the within: AMENDED COMPLAINT.

/XX/ **SERVICE VIA ECF:** by forwarding a copy to each of the following persons at the last known e-mail address set forth after each name below.

Qiana Smith-Williams, Esq.<br>
Assistant Corporation Counsel<br>
Attorney for Defendant<br>
CITY OF NEW YORK<br>
<b>qwilliam@law.nyc.gov</b>

Dated: Brooklyn, New York
   January 26, 2010

                /s/
                _____
                WALE MOSAKU